HENRY JACOBS, plaintiff in error, vs. JOSEPH POU, adminis-
trator, &c., defendant in error.

A judgment granting a new trial on the ground, that the verdict is contrary to
the evidence, will not be disturbed, except in a case of the flagrant abuse of
discretion.

In equity, in Talbot Superior Court. Decision by Judge
WORRILL, September Term, 1858.

In 1825, Seaborn Jacobs died, owning a small estate, and
leaving a widow and two infant children, George M. Gullett
became the administrator, and took possession of the estate.
In 1831, letters dismissory were granted by the Ordinary of
Monroe county, to the administrator. Gullett afterwards,
died, and Joseph Pou was appointed administrator of his
estate. T. W. Moore was appointed guardian of Henry Ja-
cobs, one of the minors, (the mother and one of the child-
ren being dead,) and as such, filed a bill for account against
the administrator of Gullett. In 1847, Henry Jacobs arrived
at age. The bill of the guardian continued pending until
1851, and was then dismissed. In 1852, (but not within six
months after the dismissal of the former bill,) Henry Jacobs
in his own right, filed a bill against Pou, as administrator,
for an account, and alleged that the judgment granting letters
of dismission had been fraudulently obtained by the said
Gullett, by false representations made by him to the Ordina-
ry, as to his having settled up and paid out said estate.

In September, 1855, complainant filed an amendment to
the bill alleging that for several years before he became of
age, and ever since that, that he resided in the State of Ala-
bama, at a great distance from the county of Talbot; that he
relied for a successful assertion of his rights in this case up-
on the fidelity of his guardian, Thomas W. Moore, in prose-
cuting the suit commenced by him; that he knew nothing
of the abandonment of the bill by Moore, until within two

weeks before the filing of the bill in his own name. The amendment further alleged, that said Gullett obtained his dismissal by the Court of Ordinary of Monroe county, without paying over the distributive share of complainant, by the consent and connivance of complainant's mother; that Gullett represented to her that he wanted to remove to Talbot county, that it would be inconvenient for him to make his returns in Monroe, that he wanted to relieve his securities, and that if complainant's mother would make no objection to his dismissal, he would hold the shares of complainant and his sister until they became of age, or until a guardian should be appointed for them in Stewart county, to which complainant's mother was about to remove and that Gullett did in fact, subsequent to his dismissal, recognize his liability on said agreement with complainant's mother.

On the trial of this bill, it was proven by *Mrs. McKenzie,* "that she was very confident that Mr. Gullett never paid over any portion of the estate or its proceeds to any person, during his life-time, except the pittance of interest which he paid to the widow; and her reasons were, that Henry Jacobs lived with her the most of the time, from his father's death, to the death of Gullett, and if there had been any money paid, she would have known it."

*Mrs. McNeil,* swore: That in 1827 or 1828, George M. Gullett said he had in his hands $400 belonging to the heirs of Jacobs, and gave Mrs. Jacobs, a written statement, showing what was due to the heirs; that Mrs. Jacobs had that writing in 1836; that Gullett never paid, so far as she knew, but five dollars of that sum, and that was for the schooling of Henry, about 1833; that witness went with the widow Elizabeth Jacobs, to Forsyth, in Monroe county; that Gullett petitioned for a dismissal; that there was an agreement in writing, given by Gullett to the mother of Henry Jacobs, acknowledging that he had four hundred dollars in his hands, and that he would remove it to Talbot county, and place it on the record there.

Jacobs vs. Pou, adm'r.

*Lemuel T. Downing*, swore : That within six months after the dismissal of the former bill, filed by the guardian, he forwarded to the Clerk of Talbot Superior Court, this bill, directing him to file it; that he so sent the bill, supposing that the administrator, still lived in the county of Talbot.

*George N. Forbes*, Clerk of the Superior Court of Talbot county, swore: That he received this bill within six months after the dismissal of the former bill. Defendant had not resided in the county of Talbot for more than a year; but witness knew that he intended shortly to return to Talbot; witness immediately notified Mr. Downing, complainant's solicitor, of these facts; as soon as defendant returned to Talbot this bill was marked of file.

The jury found a verdict for the complainant. On motion the Court granted a new trial, because the verdict was contrary to law and evidence.

To this decision, the complainant excepted.

L. T. DOWNING, for plaintiff in error.

B. HILL; SMITH & POU, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

In this case, the Court below granted the motion for a new trial, which motion was put on the ground, that the verdict was contrary to law and evidence.

A majority of this Court do not see any sufficient reason to disturb the judgment granting the motion. They would, however, have been as well satisfied had the motion been refused. There was some evidence on both sides.

Further remark, the case does not seem to call for.

Judgment affirmed.